**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PHILLIP DORSETT, | No. 13-56123 |
| Petitioner - Appellant, | D.C. No. 2:10-cv-06605-DOC-(PLA) |
| v. | |
| DOMINGO URIBE, JR., Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted April 8, 2015
Pasadena, California

Before: SILVERMAN and BEA, Circuit Judges and DONATO,[**] District Judge.

Petitioner Phillip Dorsett was convicted in California state court of second-degree murder for shooting and killing Jesse Fujino, after a trial in which he claimed he shot in self-defense. He claims that his trial counsel was ineffective for

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The Honorable James Donato, District Judge for the U.S. District Court for the Northern District of California, sitting by designation.

failing to interview Abel Soto, a member of Fujino's gang present at the scene of the shooting, who gave a declaration after Dorsett was convicted corroborating his self-defense claim. Dorsett's state habeas petition was denied without opinion by the California Supreme Court, and his federal habeas petition was denied by the district court. Because we conclude that our prior decision in *Riley v. Payne*, 352 F.3d 1313 (9th Cir. 2003), requires granting Dorsett's habeas petition, we reverse and remand with instructions to grant a conditional writ of habeas corpus.

We review de novo the district court's decision to grant or deny a writ of habeas corpus. *Lewis v. Mayle*, 391 F.3d 989, 995 (9th Cir. 2004). Dorsett's petition can be granted only if the California Supreme Court's decision "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Harrington v. Richter*, 562 U.S. 86, 100 (2011). The Supreme Court has held that "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland v. Washington*, 466 U.S. 668, 691 (1984). On habeas

2

review, "[t]he question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Richter*, 562 U.S. at 105.

As in *Riley*, "[e]ven under the narrow constraint of our review under AEDPA and the Supreme Court's precedent, we conclude here that there was an unreasonable application of *Strickland . . . .*" *Riley*, 352 F.3d at 1323. Both *Riley* and this case involved a self-defense claim by the petitioner that was corroborated, post-conviction, by a witness whom the petitioner's trial counsel had failed to interview. *See id.* at 1318-19. The district court attempted to distinguish *Riley* on the basis that Abel Soto had previously given the police an account of the shooting inconsistent with his declaration, which could legitimately have led Dorsett's trial counsel to conclude that there was nothing to be gained by interviewing him. *See Dorsett v. Uribe*, No. CV 10-6605-DOC (PLA), 2013 WL 3223387, at *13 (C.D. Cal. Jun. 21, 2013). But in point of fact, the corroborating witness in *Riley*, Edward Pettis, had done the same as Soto: he had previously told the police that he "didn't know anything" because he had an outstanding probation warrant. *Riley*, 352 F.3d at 1322. We found that insufficient either to excuse the petitioner's trial counsel's deficient performance or to vitiate the resulting prejudice, and held that it was unreasonable of the state court to conclude otherwise. *See id.* at 1324-25. This case's differences with *Riley* largely cut in Dorsett's favor: Pettis was an

3

associate of the assailant's while Soto was a friend of the victim's, and Pettis did not actually witness the shooting, while Soto says he did. *See id.* at 1319-20.

Consequently, we reverse the judgment of the district court.[1] On remand, the district court is to grant a conditional writ of habeas corpus, giving the state a reasonable deadline by which to retry Dorsett or release him from prison.

**REVERSED AND REMANDED.**

---

[1]As a result, we need not (and do not) reach Dorsett's request to expand the certificate of appealability to include a Sixth Amendment claim on which the district court denied habeas relief.